# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:22-CV-683-RJC-DCK

| | |
|---|---|
| STRATIFYD, INC., and BEIJING STRATIFYD TECHNOLOGY CO., LTD., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) **ORDER** |
| XIAOYU WANG, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Confidentiality And Protective Order" (Document No. 30) filed August 28, 2023. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

This Protective Order governing the production and exchange of confidential information establishes a procedure that permits the disclosure of confidential information while maintaining the confidentiality of that information to the greatest extent possible. Upon motion of the parties for a protective order pursuant to Federal Rule of Civil Procedure 26, **IT IS HEREBY ORDERED** that:

   A.   <u>Scope</u>.

   1.   This Order shall govern all documents and information produced in this case by any party, or persons or entities not a party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information contained in a

document, or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

2. Nothing in this Order precludes any party from seeking relief from the Court regarding the production of documents or information.

3. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

B. **Confidential Information**.

1. *Confidential Information Definition*. Materials that contain sensitive information may be designated as "Confidential." The "Confidential" designation includes information the party contends contains or reveals sensitive financial information, commercially sensitive information, private/personal information, information as to which the party owes a duty of confidentiality to another person, or information that is otherwise protectable under applicable law. Materials that contain trade secret information or that is otherwise of such a highly sensitive nature that the disclosure of the information may result in substantial harm may be designated as "Highly Confidential—Attorney's Eyes Only". Information may be designated "Confidential" or "Highly Confidential—Attorney's Eyes Only" only when the designating party has a good faith and reasonable belief it meets the above criteria for such designation.

2. A party's disclosure of documents or information marked "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not constitute a waiver of trade secret protection under North Carolina law, federal law, or other applicable laws. Nor shall anything in this Order be construed as an agreement or acknowledgement by the non-designating party that any information designated for protection as "Confidential" or "Highly Confidential—Attorney's Eyes Only" constitutes a trade secret or is in fact confidential.

3. *Confidential Designation.* Documents shall be designated as Confidential Information by marking or stamping each page of any such document "Confidential" or "Highly Confidential—Attorney's Eyes Only" or identifying such documents by bates production numbers or another unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged. If any Confidential Information is stored on electronic media or produced in a native electronic or other format such that it is not reasonably practicable to make such designation directly on the material containing Confidential Information itself, the producing party's designation and stamping of the container of the electronic media, in the file name for the file containing the Confidential Information, or in a cover letter transmitting the Confidential Information, shall apply equally to the contents therein and all hard copies derived therefrom as if such contents were designated and stamped separately. Designations shall be made at the time that answers to interrogatories or requests for admission are served, or at the time that tangible things or copies of documents are produced.

4. A party receiving information, documents, or things that it believes to be confidential under the standards provided herein may designate the same as "Confidential" or "Highly Confidential—Attorney's Eyes Only". Such designation shall be provided to the disclosing party (if not a party to this suit) and/or the parties to this suit in writing within a reasonable period of time following receipt. In this instance, disclosure shall be made by written reference to the Bates-label of the document designated "Confidential" or "Highly Confidential—Attorney's Eyes Only".

5. If a designating party discovers that material it designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" does not qualify for that level of protection, it must promptly notify any receiving party that it is withdrawing or changing the designation.

6. *Challenging Confidential Designation*. A party is not obligated to challenge the propriety of any "Confidential" or "Highly Confidential—Attorney's Eyes Only" designation of information under this Order at the time the designation is made. A failure to do so shall not preclude a subsequent challenge thereto. If a party wishes to challenge any other party's designation of confidentiality based on a good faith belief that the material is not entitled to protection, the objecting party shall give written notice to the party who has made the claim of confidentiality, identifying the information or documents that the objecting party contends are not properly designated as confidential and, except in circumstances in which a court setting or deadline would require a shorter time, allow at a maximum five (5) business days for the designating party to provide a written response. If the dispute cannot be resolved, the party challenging the designation may move the Court for an order for that information's de-designation. The foregoing notwithstanding, it is not necessary for any party to challenge the designation to assert that any document or information is not confidential or subject to trade secret protection.

7. *Depositions*. If counsel for any party believes that a question or answer constitutes Confidential Information subject to this Protective Order, counsel shall so state on the record, or shall so designate within thirty (30) days of receipt of the transcript. Except as permitted by the Court, counsel for any party may exclude from the room during a deposition, hearing or other proceedings, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Information. In addition, any deposition in which documents

designated as containing Confidential Information are marked as exhibits or shown to the deponent or otherwise employed shall be considered confidential and subject to the provisions of this Order.

C. **Treatment of Confidential Information**.

1. Except as otherwise provided in this or subsequent court orders, Confidential Information designated "Highly Confidential—Attorney's Eyes Only" shall not be disclosed or shown to anyone other than "Qualified Persons," who are:

   (a) The Court, or persons employed by the Court, and the jury;

   (b) Duly qualified court reporters and videographers participating in these proceedings, any mediator appointed or retained to mediate this case, and any person appointed to arbitrate this case;

   (c) Outside counsel for the parties, the employees of such attorneys, and agents of such attorneys, to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (d) Inside counsel for each party and the employees of such attorneys to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

   (e) Persons who were the authors or recipients of the documents in the ordinary course of business; and

   (f) Third-parties retained as consulting experts or testifying expert witnesses for the purposes of this litigation.

As to materials designated as Confidential, "Qualified Persons" are:

(g) The parties, the employees of such parties, or the agents of the parties (or the parent or beneficial owner of such party) to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(h) Persons employed by any party or its attorneys solely for the purpose of assisting in the preparation of this action for trial, including, but not limited, to support personnel (i.e., graphics, translation, design, trial consulting services, mock juries) to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(i) Witnesses in preparation for or in the course of depositions or the trial of this matter;

(j) "Qualified Individuals" who are authorized to receive information designated "Highly Confidential—Attorney's Eyes" only; and

(k) Persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the party that produced or disclosed the Confidential Information, after notice to all parties and an opportunity has been had to object.

2. *Sworn Acknowledgement*. Each Qualified Person, except the individuals identified in 1(a)—1(g) and 1(j), given access to designated Confidential Information shall, prior to receiving such disclosure, execute the nondisclosure form attached hereto as Exhibit "A."

3. *Use of Confidential Information*. Confidential Information shall be used by the receiving party solely for the prosecution and/or defense of this litigation and only as provided in this Consent Confidentiality and Protective Order. Confidential Information shall not be used or employed for the purpose of any other action, use or proceeding, or for any commercial, business

or other purpose whatsoever. It is specifically recognized that any documents obtained in this case from any third party shall not be utilized by the receiving party for any purpose other than the prosecution and/or defense of this litigation.

4. No person shall disclose Confidential Information to any third party, except Qualified Persons, without prior written notice of the specific disclosures and persons involved to the producing party. Such disclosure shall not be made before: (1) fifteen (15) days after notice to the producing party; (2) consent by the producing party; or (3) judicial resolution of any objections to such disclosure made by the producing party, whichever is earlier. Any objections to such disclosure shall be made in writing by the producing party within fifteen (15) days after receipt of notice of any intent to disclose.

5. *Parties' Own Documents*. Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction:

    (a) its own documents or information; and

    (b) documents or information developed or obtained by a receiving party independently of discovery in these or related actions or proceedings;

irrespective of whether such document or information has been designated by the producing party as Confidential Information.

6. *Filings Made with the Court*. Any document, material, or other information designated as entitled to protection under this Order, which is submitted to the Court in support of a pleading or motion, or introduced at a hearing, trial, or other proceeding in this action, may continue as protected material only by order of the Court in accordance with these procedures. If information entitled to protection under this Order is submitted to the Court in support of a pleading or motion, such information shall maintain its protected status for ten (10) days. During this ten-

day period, the party who designated the information as protected may move the Court to continue the protected status of the information by filing a motion for continued protection. The moving party shall indicate whether the motion is opposed. If the motion is opposed, the opposing party shall have five (5) days from the date that the original motion is filed to file a response.

7. A party who seeks to introduce protected information at a hearing, trial, or other proceeding shall advise the Court at the time of introduction that the information sought to be introduced is protected. If the party who designated the information as protected requests the protection be continued, the Court will conduct an *in camera* review of the information to determine if the information is entitled to continued protection.

8. *Retention of Copies by the Court and Parties*. Within thirty (30) days after the settlement or final adjudication, including appeals, of the action or actions in which the documents have been produced, all Confidential Information supplied by the parties and non-parties and all copies thereof shall be returned to the producing party or non-party (if the supplying party so requests within thirty (30) days of the conclusion of the actions and pays the reasonable costs of such return) or shall be certified to have been destroyed; provided, however, that attorneys for each of the parties may retain a complete file of all litigation documents filed with the Court and work product that reflects or includes information derived from documents or testimony designated as "Confidential" of "Highly Confidential—Attorney's Eyes Only". The Clerk of the Court shall retain Confidential Information in the court file or received into evidence by the Court in accordance with the applicable Rules of Judicial Administration.

9. *Inadvertent Failure to Designate*. A producing party's inadvertent failure to designate information as "Confidential" or "Highly Confidential—Attorney's Eyes Only" under this Order shall not waive its rights to subsequently make an appropriate designation, provided

that the producing party notifies all receiving parties of the correct designation within ten (10) business days of learning of its inadvertent failure to so designate and promptly transmits replacement copies with the correct designations. A receiving party's use of such information before receiving notice of the inadvertent failure to designate shall not constitute a violation of this Order. Upon receiving such notice, the receiving party shall treat such Confidential Information according to its designation under this Order. If the Confidential Information has been distributed in a manner inconsistent with this designation, a receiving party will make reasonable good-faith efforts to conform distribution to the designation. If distribution has occurred to a person not under the control of a receiving party, a request for return of the document, and for an undertaking of confidentiality, shall be made in writing. If the request is not promptly agreed to in writing, or if there is no response, or if the party deems the making of the request to be a futile act, the receiving party shall promptly notify the producing party of the distribution, including the identity of the person or entity not under the control of the receiving party.

10. *Inadvertent or Unintentional Disclosure*. Any inadvertent or unintentional disclosure of Confidential Information and privileged material will not be construed as a waiver, in whole or in part, of (i) any party's claims of confidentiality or privilege either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential or privileged material disclosed prior or after that date, or (ii) any party's right to designate the Confidential Information under this Order. Upon a request from any disclosing party who has inadvertently produced information that it believes is privileged, each receiving party shall immediately return such privileged material and all copies to the producing party, but the receiving party is not required to produce its work product or attorney client information. This Order does not in any

way deprive any party of its right to contest another party's claims to protection for confidential and privileged information.

11.     *Inadvertent Disclosure Not Authorized by this Order*.  If Confidential Information is disclosed to any person not authorized to receive such disclosure under this Order, the disclosing party shall immediately notify counsel for the designating party of the nature and circumstances of the unauthorized disclosure.  The disclosing party shall promptly take all reasonable measures to retrieve the improperly disclosed information and to ensure that no further unauthorized disclosure or use is made of the material.  Unauthorized or inadvertent disclosure does not change the status of Confidential Information or waive its protection under this Order.

12.     *Disputes*.  Any dispute concerning the application of this Consent Confidentiality and Protective Order shall be heard by the Court upon motion by the objecting party.  This Agreed Protective Order in no manner circumvents the requirements of the Federal Rules of Civil Procedure.

13.     *Admissibility*.  Nothing contained in this Order, and no action taken under this Order, shall prejudice the right of any party to urge or contest the alleged relevancy or admissibility of any information or any documents subject to this Order.

14.     *Modification*.  Any party may by written agreement or a motion to this Court, seek a modification of this Order.

*Additional Court-Prescribed Procedures*.  This Court may prescribe additional procedures as it deems reasonable and necessary with respect to Confidential Information during discovery, at any hearing, or at the trial of this case.

Signed: August 28, 2023

**SO ORDERED**.

David C. Keesler
United States Magistrate Judge

CONSENTED TO BY:

By: */s/ David Pardue*
David Pardue (*admitted pro hac vice*)
Georgia Bar No. 561217
Brian D. Stoltz *(admitted pro hac vice)*
Georgia Bar No. 648725
**PARKER POE ADAMS & BERNSTEIN LLP**
1075 Peachtree Street, N.E.,   Suite 1500
Atlanta, GA 30309
(678) 690-5750
davidpardue@parkerpoe.com
brianstoltz@parkerpoe.com

Nicholas H. Lee
NC Bar No. 47885
**PARKER POE ADAMS & BERNSTEIN LLP**
620 S. Tryon St., Ste. 800
Charlotte, NC 28202
704-335-9876
nicholaslee@parkerpoe.com

*Attorneys for Defendant/Counterclaim Plaintiff*


By: */s/ Stephen Vaughn*
Stephen M. Vaughn (admitted pro hac vice)
(*signed with express permission*)
Georgia Bar No. 219482
Daniel Huynh
NC Bar No. 40259
K. Tate Gray (admitted pro hac vice)
Georgia Bar No. 919123
**MORRIS, MANNING & MARTIN, LLP**
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
svaughn@mmmlaw.com
dhuynh@mmmlaw.com
tgray@mmmlaw.com

*Attorney for Plaintiffs/Counterclaim Defendants*

**EXHIBIT "A"**

| | |
|---|---|
| STRATIFYD, INC., and BEIJING STRATIFYD TECHNOLOGY CO., LTD., <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> XIAOYU "DEREK" WANG, <br><br> Defendant/Counterclaim Plaintiff. | Civil Action No.: <br> 3:22-cv-00683-RJC-DCK |

## NON-DISCLOSURE AGREEMENT

I have been provided access by counsel for one of the parties to the above lawsuit to information marked "Confidential" or "Highly Confidential—Attorney's Eyes Only". I understand that such designation was made subject to the terms of the Agreed Protective Order in the above lawsuit, of which I have been provided a copy.

If Confidential Information has been physically provided to me, I agree to return or destroy such Confidential Information at the direction of the person providing it to me.

I agree that in all respects I will be bound by and abide by the terms of the Protective Order entered in this case. I will not communicate or show the contents of Confidential Information to any other person (other than persons defined as "Qualified Persons" in the Protective Order), will not make copies of such Confidential Information except as necessary to perform services in this case, and will preserve such Confidential Information as confidential.

This Acknowledgment does not prohibit me from using or disclosing documents or information to which I gained access after the date of this litigation by legitimate means other than by provision from a person bound by the terms of the Protective Order in this action.

_____
Signature

_____
Printed Name